IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 21-439 |
| | : | |
| JOHNNIE BALLARD | : | |

**GOVERNMENT'S MOTION FOR JUDGMENT AND
PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, Sarah L. Grieb, Assistant United States Attorney, Chief, Asset Recovery and Financial Litigation Unit, and Priya T. De Souza, Assistant United States Attorney, respectfully requests entry of a Judgment and Preliminary Order of Forfeiture, and, in support of this motion, the United States represents as follows:

1. On November 16, 2021, Johnnie Ballard was charged in an Indictment with conspiracy to make false statements to a federal firearms dealer, in violation of 18 U.S.C. § 371 (Count One); and dealing in firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D) (Count Two).

2. The Indictment also contained a Notice of Forfeiture. The Notice of Forfeiture alleged that the defendant shall forfeit certain property, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), as a result of his violation of 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D) (Count Two).

3. On May 23, 2022, the defendant pleaded guilty to Counts One and Two of the Indictment.

4.       As a result of his guilty plea, the defendant is required, pursuant 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), to forfeit any firearms and ammunition used in, or involved in, the violation charged in Count Two of the Indictment.

5.       Based on the facts set forth at the defendant's change of plea hearing, and in the record as a whole, the government avers that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Count Two of the Indictment, and that the government has established the requisite nexus between such property and such offenses:

a. a Taurus, Model G2S, 9x19mm semi-automatic pistol, bearing serial number ABE615718;

b. a Glock 19, 9x19mm semi-automatic pistol, bearing serial number BNLH711;

c. a Glock 19, Gen5 9x19mm semi-automatic pistol, bearing serial number BPLK017;

d. a Glock 19X, 9x19mm semi-automatic pistol, bearing serial number BPNM340;

e. a Glock 48, 9x19mm semi-automatic pistol, bearing serial number BKXL121;

f. a FN America 509, 9mm semi-automatic pistol, bearing serial number GKS0106960; and

g. a Glock 43X, 9x19mm, semi-automatic pistol, bearing serial number BPPN626,

as the firearms and ammunition used in, or involved in, the aforesaid offense alleged in Count Two (hereinafter referred to as the "Subject Property").

      6.      Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), "[a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contender is accepted … the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). When the government seeks forfeiture of specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense;" when the government seeks a forfeiture money judgement, "the court must determine the amount of the money that the defendant will be ordered to pay". Id. The Court's determination may be based on "evidence already in the record … and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B). The preliminary order of forfeiture becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

      7.      Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Judgment and Preliminary Order of Forfeiture. The government further requests that it be permitted, in its discretion, to serve the Judgment and Preliminary Order of Forfeiture directly on the defendant, or if the defendant is represented, upon the defendant's counsel, and on any person known to have an interest in the Subject Property.

8. The government requests authority to conduct discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), to identify, locate, and dispose of property subject to forfeiture and to address any third-party claims.

9. The government requests authority to seize the Subject Property described above, if not already in the government's custody or subject to a restraining order, if necessary to protect the interests of the United States in the property, pursuant to 21 U.S.C. § 853(g).

10. The government requests authority to undertake publication of the forfeiture order, once the government seizes the specific property identified in Paragraph 5 above, and notify potential third-party claimants, pursuant to Fed. R. Crim. P. 32.2(b)(3), (b)(6) and (c)(1)(B) and 21 U.S.C. § 853(n)(1).

For the reasons stated above, the government requests that this Court enter the attached Order.

        Respectfully submitted,

        JACQUELINE C. ROMERO
        United States Attorney

        */s/ Sarah L. Grieb*
        SARAH L. GRIEB
        Assistant United States Attorney
        Chief, Asset Recovery and Financial Litigation

        *s/ Priya T. De Souza*
        PRIYA T. DESOUZA
        Assistant United States Attorney

Date:   September 19, 2022

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 21-439 |
| : | |
| JOHNNIE BALLARD : | |

## ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As a result of defendant Johnnie Ballard's guilty plea as to Count Two, charging him with dealing in firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D), the defendant is required to forfeit criminally the firearms and ammunition involved in, or used in, the violation charged in Count Two, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. All firearms involved in, or used in, the defendant's violation of 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D), are forfeited to the United States.

3. The Court has determined, based on the facts set forth at the change of plea hearing, and those set forth in the record as a whole, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Count Two of the Indictment, that the government has established the requisite nexus between such property and such offenses, and that the following property is forfeited to the United States:

    a. a Taurus, Model G2S, 9x19mm semi-automatic pistol, bearing serial number ABE615718;

      b. a Glock 19, 9x19mm semi-automatic pistol, bearing serial number BNLH711;

      c. a Glock 19, Gen5 9x19mm semi-automatic pistol, bearing serial number BPLK017;

      d. a Glock 19X, 9x19mm semi-automatic pistol, bearing serial number BPNM340;

      e. a Glock 48, 9x19mm semi-automatic pistol, bearing serial number BKXL121;

      f. a FN America 509, 9mm semi-automatic pistol, bearing serial number GKS0106960; and

      g. a Glock 43X, 9x19mm, semi-automatic pistol, bearing serial number BPPN626,

as the firearms and ammunition used in, or involved in, the aforesaid offenses alleged in Count Two (hereinafter referred to as the "Subject Property").

    4. Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to the defendant, prior to his sentencing and shall be made part of the sentence and included in the judgment. See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

    5. Upon entry of this Order or any amendment thereto that is entered pursuant to Fed. R. Crim. P. 32.2(e), the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order or subsequent amendment, pursuant to Fed. R. Crim. P. 32.2(b)(3).

6. Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

7. Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

8. The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their

attorney, if they are represented, as a substitute for published notice as to those persons so notified.

9. Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

10. Following the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and to counsel for the parties.

ORDERED this ___ day of _____, 2022.

_____
**HONORABLE GERALD J. PAPPERT**
**United States District Court Judge**

## **CERTIFICATE OF SERVICE**

        I certify that a copy of the Government's Motion for Order of Forfeiture and proposed Forfeiture Order have been filed electronically in the Clerk's Office Electronic Case Filing (ECF) system and are available for viewing and downloading from the ECF system, and that a true and correct copy of the motion and proposed order were served upon counsel for the defendant by electronic filing, as follows:

COLEY O. REYNOLDS<br>
Reynolds Firm, LLC<br>
121 S. Broad Street Suite 1200<br>
Philadelphia, PA 19107<br>
cor@reynoldsfirm.com<br>
Phone: 267-710-1177<br>
Fax: 267-710-1176

        *s/ Priya T. De Souza*
        PRIYA T. DESOUZA
        Assistant United States Attorney

Date:  September 19, 2022